NO. 07-10-0453-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 

JUNE 13, 2011

_____________________________

 

RAMIRO
CHAVIRA,  

 

                                                                                         Appellant

v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

 

NO. 4666; HONORABLE FELIX KLEIN, PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

 

Before QUINN, C.J.,
HANCOCK, J., and BOYD, S.J.[1]

            Ramiro Chavira was convicted of
attempted capital murder and sentenced to life imprisonment.  The event involved his obtaining the shotgun
of a local police chief after being arrested and placed in the chief’s
vehicle.  Appellant then exited from the
vehicle, pointed the weapon at the chief, and pulled the trigger.  For some unknown reason, the gun failed to
discharge.  Whether a round was chambered
at the time was, and remains, unknown. 
Nonetheless, after the misfire, appellant undertook effort to insert a
shotgun shell into the firing chamber of the weapon after the apparent misfire
and told the chief that he would kill him (i.e. the chief) if the chief did not drop
his firearm.  The chief then shot
appellant in the leg to end the incident.

            Through one issue, appellant
contends that the trial court erred in denying him an instruction on the
purportedly lesser-included offense of deadly conduct.  We disagree, overrule the issue, and affirm
the judgment.

            A person is entitled to an
instruction on a lesser-included offense if 1) the elements of the lesser
offense are included within the proof necessary to establish the greater
offense and 2) some evidence appears of record that would permit a jury to
rationally conclude that if appellant is guilty of anything, it is only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App. 1993).  Next, a person  attempts to commit an offense under the Penal
Code if, with the specific intent to commit the offense, he does an act
amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended. See Tex. Penal Code Ann. §15.01(a)
(Vernon 2011).  And, as previously stated,
appellant was charged with attempted capital murder.  That is, he was accused of attempting to
intentionally and knowingly cause the death of a law enforcement officer.  See Tex.
Penal Code Ann. §19.02(b) (1) (Vernon 2011) (stating that a person
commits murder if he intentionally or knowingly causes the death of an
individual); see also Tex. Penal Code
Ann. § 19.03(a) (1) (Vernon 2011) (defining
capital murder as including the murder of a law enforcement officer when acting
as such).  Finally, a person commits deadly conduct “if
he recklessly engages in conduct that places another in imminent danger of
serious bodily injury.”  Id.
§22.05(a).  With this in mind, we turn to the argument
before us.

            Appellant supported his contention
with little explanation.  The latter’s
sum and substance consisted of the statements that 1) “undisputed testimony . .
. from Ranger… Miller
was that the shotgun was functioning normal [sic] as he found nothing wrong
with the gun,” 2) the Ranger “further was of the opinion that if Appellant
pulled the trigger in the firing position, it would have discharged,” 3)
“[t]his was sufficient evidence to authorize the allowance of a lesser included
offense of deadly conduct,” and 4) “[a]ppellant was entitled to a lesser
included instruction of deadly conduct since there was no physical
injury.”  From those utterances, we
conclude that appellant presents us with a two-pronged attack.  That is, he believes himself entitled to the
instruction because 1) the officer was not injured, and 2) he did not pull the
trigger but merely sought to place the chief in fear of imminent bodily
harm.   Neither reach the desired result,
however.

            For instance, attempted capital
murder connotes, among other things, the absence of a completed murder.  In other words, the intended victim was not
killed.   Yet, we are cited to no
authority specifying injury (as opposed to death) as an element of attempted
murder.  Nor is it our job to write such
an element into the statute.  Moreover,
if appellant had fired the shotgun and completely missed his intended
target,  it would be illogical to
insulate him from being convicted of trying to kill the chief but failing to
kill him (i.e. attempted murder) because he did not hurt him.  The particular crime arises from acts
undertaken with a specific intent but failing to achieve the intended result.  So, even if no one was hurt, appellant remained
subject to conviction for attempted capital murder.  This means, in turn, that the lesser offense
was not the only one for which he could have been convicted. 

            As for the suggestion that evidence
illustrated appellant failed to pull the trigger, that too is of no
consequence.  The record contains
uncontradicted evidence establishing that appellant obtained a shotgun after
being arrested, aimed it at the police chief, chambered a shell into its firing
mechanism, and orally expressed his intent to kill the chief before being
subdued for a second time.  We cannot say
that simply because appellant’s expressed intent went unfulfilled (due to
intervening acts of the chief) a rational jury would be prevented from concluding
beyond reasonable doubt that appellant undertook acts constituting more than
mere preparation to kill the chief while specifically intending to kill
him.  See Godsey v. State, 719 S.W.2d 578, 584-85 (Tex. Crim.
App. 1986) (refusing to instruct on the lesser offense of reckless conduct because
the following acts evinced nothing less than an intent to kill, as opposed to
an intent to threaten:  1) the defendant
came outside with a loaded gun stuck in his waistband, 2) the defendant ignored
the officers’ orders to put the gun down while those officers were pointing
their guns at him, 3) appellant swung the gun in an arc, leveled it, and
pointed it at the officers, and 4) one officer shot him first). 

            Accordingly, we overrule appellant’s
issue and affirm the judgment. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

Do
not publish.











[1]John T. Boyd, Senior Justice, sitting by assignment.








style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0325.CR%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0325.CR%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0325.CR%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0325.CR%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0325.CR%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-10-00325-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
7, 2011

 



 

CHRIS L. VASQUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 140TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 2008-420,480; HONORABLE JIM BOB DARNELL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL, J. and BOYD, S.J.[1]

 

MEMORANDUM OPINION

Appellant Chris L. Vasquez entered an
open plea of guilty to the charge of burglary of a habitation.[2]  He also plead true
to one enhancement paragraph alleging a prior final conviction for burglary of
a habitation.[3]  Without a plea-bargain agreement, the court
assessed punishment at forty-five years confinement in prison.  Appellant’s court-appointed appellate counsel
has filed a motion to withdraw supported by an Anders[4]
brief.  We will grant counsel’s motion to
withdraw and affirm the judgment of the trial court.

Besides pleading guilty to the
charged offense and true to the enhancement paragraph, appellant signed a
writing waiving the right to trial by jury and consenting “to the oral and
written stipulation of evidence in this case and to the introduction of affidavits,
written statements of witnesses, and other documentary evidence.”     

The State presented the testimony of
several witnesses including the arresting and investigating police officers,
the victim of the offense, and the 9-1-1 operator who took the victim’s
call.  The State also introduced a
recording of the victim’s 9-1-1 call and appellant’s video statement.[5]


The evidence showed appellant was
found carrying electronics in the back yard of the victim’s residence, then apprehended, after he broke into the residence about
mid-day on a Saturday.  The victim was at
home during the events, grabbed a cordless telephone and retreated to a closet
in the garage where she telephoned 9-1-1. 
According to appellant’s statement, he was in a “big hole financially.”  He randomly selected the victim’s house,
knocked on the doors and forced one open with a hammer when no one
answered.  He agreed that after entering
he began collecting items.  

Appellant did not testify, but
offered the testimony of his mother and a psychologist in mitigation of
punishment.  Following the close of
evidence, the court sentenced appellant and this appeal followed.

Appellant’s appointed appellate
counsel has filed a motion to withdraw supported by an Anders brief.  In counsel’s
opinion, nothing in the record establishes reversible error.  The brief reviews the record and the evidence
presented at the hearing.  Counsel
discusses one ground of potential error but concludes it does not constitute
reversible error.  Correspondence from
counsel to appellant indicates counsel supplied appellant a copy of the Anders brief and counsel’s motion to
withdraw.  The correspondence also points
out the right of appellant to review the record and file a pro se response.  By letter,
this court also notified appellant of his opportunity to submit a response to
the Anders brief and motion to
withdraw filed by his counsel.  Appellant
filed a pro se response raising and
thoroughly discussing four possible appellate issues.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If this court
determines the appeal arguably has merit, we will remand it to the trial court
for appointment of new counsel.  Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).  We have reviewed the entire record to
determine whether there are any arguable grounds which might support an appeal.
 See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds supporting a claim of reversible error, and agree with counsel that the
appeal is frivolous.

Accordingly, we grant counsel’s
motion to withdraw[6]
and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

 

 











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.  

 





[2] See
Tex. Penal Code Ann. § 30.02(a)(1) (West 2011).  This offense is a felony of the
second-degree.  Tex. Penal Code Ann. §
30.02(c)(2) (West 2011).





[3] On a showing at the trial of a
felony of the second-degree that the defendant has been once before convicted
of a felony, on conviction the defendant shall be punished for a first-degree
felony.  Tex. Penal
Code Ann. § 12.42(b) (West 2011). 
The range of punishment for an individual adjudged guilty of a
first-degree felony is imprisonment for life or for any term of not more than
99 years or less than 5 years and a fine not exceeding $10,000 may also be
assessed. Tex. Penal Code Ann. § 12.32(a)(b)
(West  2011).





[4] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); see In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008) (orig.
proceeding).





[5] By a “motion designating issues” appellant requested
we review the entirety of his video statement. 
To that extent, the motion is granted as our review of the record
included examination of the entirety of appellant’s video statement.  To the extent appellant requested additional
or other relief by his motion, such is denied. 





[6] Counsel shall, within five days after the opinion is
handed down, send his client a copy of the opinion and judgment, along with
notification of the defendant’s right to file a pro se petition for discretionary review.  Tex. R. App. P. 48.4.